IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| **NORTH CAROLINIANS FOR PRIVACY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:16-cv-245-FL |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE AND** | ) | |
| **U.S. DEPARTMENT OF EDUCATION**, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO CONSOLIDATE CASES**

North Carolinians for Privacy brought this suit on behalf of students and parents of minor students in the State's public schools and universities, challenging the Department of Education's interpretation of Title IX and its implementing regulations as they relate to the use of sex-segregated facilities by transgender students. The organization now seeks to consolidate its case with another brought by Governor McCrory, who has challenged the Department of Justice's interpretation of Title VII as it pertains to the use of sex-segregated facilities by state employees. That suit will in turn be consolidated with a third brought by Senator Berger and Representative Moore, leaders of the North Carolina General Assembly. This case, however, should be adjudicated separately because its unique questions of law predominate over any questions common to the other cases.[1]

---

[1] Defendants, who have not been served in this case, reserve their right to object if service is not perfected. This filing does not constitute a waiver of service. *See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston*, 623 F.3d 440, 443 (7th Cir. 2010); *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983).

## BACKGROUND INFORMATION

### A. *McCrory*

On May 9, 2016, Gov. Patrick L. McCrory of North Carolina[2] filed a declaratory judgment suit against the U.S. Department of Justice. Compl., *McCrory v. U.S. Dep't of Justice*, 5:16-cv-238 (E.D.N.C.). Gov. McCrory sought declarations that North Carolina's Public Facilities Privacy and Security Act, better known as H.B. 2, did not violate either Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, or the Violence Against Women Reauthorization Act of 2013 ("VAWA"), 42 U.S.C. § 13925, *et seq.* His complaint included only those two claims for declaratory relief. *See id.* ¶¶ 24–26 (Title VII); *id.* ¶¶ 27–29 (VAWA).

### B. *Berger*

The same day, Senator Phil Berger and Representative Tim Moore, the leaders of the North Carolina General Assembly, brought a parallel suit against the Department of Justice. Compl., *Berger v. U.S. Dep't of Justice*, 5:16-cv-240 (E.D.N.C.). Like Gov. McCrory, they sought declarations that H.B. 2 did not violate Title VII, *id.* ¶¶ 67–75, VAWA, *id.* ¶¶ 90–100, or Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, *id.* ¶¶ 76–99. They also alleged violations of the U.S. Constitution's separation of powers and federal structure. *Id.* ¶¶ 101–11.

### C. *North Carolinians for Privacy*

On May 10, 2016, North Carolinians for Privacy filed this suit. The organization raises substantive and procedural objections to the U.S. Department of Education's interpretation of Title IX in the context of the use of sex-segregated facilities by transgender students which, it

---

[2] Gov. McCrory was joined by Secretary Frank Perry of the North Carolina Department of Public Safety.

claims, violates the constitutional rights of parents and children, Compl. ¶¶ 194–212, as well as the Religious Freedom Restoration Act, *id.* ¶ 182, Title IX, and the Administrative Procedure Act, *id.* ¶¶ 130–91. North Carolinians for Privacy also seek a declaration that Title IX, its implementing regulations, and the Violence Against Women Act allow educational institutions to segregate certain facilities on the basis of anatomical sex, without regard to gender identity. *Id.* ¶¶ 249–94.

### D. Motions for Consolidation

On May 23, 2016, Sen. Berger and Rep. Moore moved to consolidate their case with *McCrory*. Mot. to Consolidate Cases, Dkt. # 7, *Berger*, 5:16-cv-240. The next day, North Carolinians for Privacy moved to consolidate this case with *McCrory*, as well. Mot. to Consolidate Cases, Dkt. # 12. On May 26, the district judge hearing *McCrory* agreed to consolidate *Berger* with *McCrory*, pending the agreement of this court. Order of May 26, 2016, Dkt. # 32, *McCrory*, 5:16-cv-238. On June 13, that judge issued an order allowing the consolidation. Order of June 13, 2016, Dkt. # 36, *McCrory*, 5:16-cv-238

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) allows for the consolidation of cases that "involve a common question of law or fact." A district court has "broad discretion" to resolve consolidation motions brought under Rule 42. *A/S Ludwig Mowinckles Rederi v. Tidewater Constr.*, 559 F.2d 928, 933 (4th Cir. 1977).

## ARGUMENT

### A. Questions unique to this case predominate over any questions common to *McCrory* or *Berger*.

This court should exercise its discretion and deny the pending consolidation motion. Because the majority of claims presented here are not raised in *McCrory* or *Berger*,

- 3 -

consolidation would not expedite resolution of this case, which was brought by a group of students and parents of minor students in North Carolina's public schools and universities who object to the U.S. Department of Education's policy regarding the use of sex-segregated facilities by transgender students at schools receiving federal funds. The students allege that this interpretation violates their constitutional right to privacy, while the parents argue that it violates their right to direct the upbringing of their children. Both parents and students contend that the policy infringes upon their right to the free exercise of religion, and unduly burdens that right in violation of the Religious Freedom Restoration Act. None of these claims appears in either *McCrory* or *Berger*.

*McCrory* was brought by the Governor of North Carolina and his Secretary of Public Safety, who object to the U.S. Department of Justice's interpretation of Title VII as it relates to the use of sex-segregated facilities by transgender state employees. Gov. McCrory does not raise any constitutional claims, nor any claims regarding the use of sex-segregated facilities by students, just as this case does not involve Title VII or state employees. The cases are legally and factually quite distinct, and therefore inappropriate for consolidation. Seeking to prove the contrary, North Carolinians for Privacy describe their case and Gov. McCrory's in very general terms, as challenges to the federal government's interpretation of federal law relating to "bathrooms, locker rooms, and showers traditionally set aside for persons of the opposite biological sex." Mem. in Supp. of Mot. to Consolidate Cases, Dkt. # 13, at 5. But the particulars of the cases matter, and they counsel against consolidation.

Nothing about the consolidation of *Berger* with *McCrory* alters that conclusion. When those cases are consolidated, they will form a single challenge to the Department of Justice's enforcement actions to block the implementation of H.B. 2. This case will then stand alone as

- 4 -

the only vehicle among them that addresses the validity of the Department of Education's interpretation of Title IX, as to which plaintiffs raise legal questions entirely distinct from the other cases, which only concern the interpretation as applied to H.B. 2.  In addition, threshold defenses that may apply in the other cases are not similar to those applicable here.  This case should be litigated on its own.

## CONCLUSION

This case does not share issues of law or fact sufficient to justify its consolidation with *McCrory* or *Berger*.  Instead, justice and efficiency would be best served by allowing one case to settle the legality of H.B. 2, while the other case addressed the Department of Education's interpretation of Title IX.  This court should deny the motion to consolidate.

<div style="margin-left: 40%;">

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director

SHEILA M. LIEBER
Deputy Director
Federal Programs Branch

*/s/ James O. Bickford*
JAMES O. BICKFORD
New York Bar No. 5163498
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Telephone: (202) 305-7632
Facsimile: (202) 616-8470
Email: James.Bickford@usdoj.gov

*Counsel for Defendants*

</div>

Dated: June 14, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2016, a copy of the foregoing notice was filed electronically via the Court's ECF system, which effects service upon all counsel of record.

>   */s/ James O. Bickford*
>   James O. Bickford